**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zila Nutraceuticals, Inc., ) | No. CV 06-1958-PCT-SMM |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF DECISION AND** |
| vs. ) | **ORDER** |
| ) | |
| Nature's Way Products, Inc. and The C ) | |
| Group, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendant The C Group, Inc.'s (the "C Group") Motion to Dismiss Plaintiff Zila Nutraceuticals, Inc.'s ("Zila") First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 16.) Zila has filed a response to the C Group's Motion to Dismiss. (Dkt. 40.) Based on the parties' briefs, the Court issues this Order.[1]

**DISCUSSION**

**A.    The Court Will Not Consider Matters Outside the Amended Complaint**

In its Motion to Dismiss, the C Group readily concedes that Zila's First Amended Complaint alleges that "Nature's Way and the C Group have used and continue to use three

---

[1] The Rules of Practice of the United States District Court for the District of Arizona (the "Local Rules") provide that the filing of a reply memorandum by the moving party is optional. See LRCiv 7.2(d). Given certain critical concessions in the C Group's Motion to Dismiss, the Court finds that the filing of a reply memorandum would not change the Court's ruling. Therefore, the Court issues this Order without consideration of the C Group's reply.

1 comparative advertising statements that constitute false or misleading advertising under the
2 Lanham Act, Arizona Consumer Fraud Act, and unfair competition under common law"
3 (collectively, the "False Advertising Claims").  <u>See</u> Dkt. 16 at 1.  The C Group does not
4 challenge the sufficiency of Zila's pleading, nor does it contend that Zila's allegations are
5 vague, conclusory, or fail to state a claim for relief.  <u>See</u> Dkts. 16-17.  Rather, the C Group
6 submits the Declaration of Nancy Chandler, together with a copy of the C Group's Exclusive
7 Supply Agreement, and, based on those documents, contends the False Advertising Claims
8 alleged by Zila have "no basis in fact and no evidentiary support." <u>See</u> Dkts. 17 at 3, 18, Ex.
9 A.  Among other things, Zila argues that the "C Group's motion is a premature . . . attempt
10 to obtain summary disposition of this action."  (Dkt. 40 at 2.)  The Court agrees and rejects
11 both parties' invitations to rely on extraneous material outside the pleadings and invoke the
12 provisions of Fed.R.Civ.P. 56.  <u>See</u> Dkt. 17 at 2 ("when 'matters outside the pleading are
13 presented to and not excluded by the court, the motion [to dismiss under Rule 12(b)(6)] shall
14 be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .'")
15 (modification in original).[2]

16       In the Ninth Circuit, "a motion to dismiss is not automatically converted into a motion
17 for summary judgment whenever matters outside the pleading happen to be filed with the
18 court and not expressly rejected by the court."  <u>North Star Int'l v. Arizona Corporation</u>
19 <u>Comm'n</u>, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court properly treated
20 motion as motion to dismiss, despite presence of affidavits, where there was no indication
21 of the court's reliance on outside materials and the court expressly stated that it was
22 dismissing for failure to state a claim upon which relief could be granted); <u>Keams v. Temple</u>
23 <u>Technical Institute, Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997) ("12(b)(6) motion need not be

---

[2] In its opposition to the C Group's Motion, Zila also refers the Court to extraneous information outside the pleadings.  <u>See</u> dkt. 40 ("The Court may review the former website materials . . . attached as Exhibit B to the Bernard Landes Declaration in Support of Zila's Motion for Preliminary Injunction, . . . filed on September 8, 2006 . . . .").

- 2 -

1 converted into a motion for summary judgment when matters outside the pleading are 2 introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous 3 materials"). Rather, "a district court must take some affirmative action to effectuate 4 conversion." Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003).

5 In denying the C Group's Motion to Dismiss and in justifying its legal conclusion that 6 Zila has stated claims against the C Group upon which relief could be granted (infra at 3-4), 7 the Court has not relied on the extraneous information submitted and referred to by the C 8 Group and Zila. Rather, in accordance with Ninth Circuit precedent, all extraneous 9 documents outside the pleadings have been excluded from the Court's determination of 10 whether Zila has stated a claim against the C Group upon which relief may be granted under 11 Fed.R.Civ.P. 12(b)(6). North Star Int'l, 720 F.2d at 582.

12 **B.      Zila Has Properly Alleged Claims Upon Which Relief May Be Granted**

13 Fed.R.Civ.P. 12(b)(6) authorizes a court to dismiss a claim on the basis of a 14 dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). A complaint may 15 not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff 16 can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to 17 relief." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Conley v. 18 Gibson, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be 19 granted under any set of facts that could be proved consistent with the allegations, under Rule 20 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish 21 legal theory or on a close but ultimately unavailing one. See Neitzke, 490 U.S. at 327. On 22 a motion to dismiss for failure to state a claim, the court must presume all factual allegations 23 of the complaint to be true and draw all reasonable inferences in favor of the nonmoving 24 party. Usher, 828 F.2d at 561.

25 As set forth above, the C Group readily concedes that Zila's Amended Complaint 26 alleges that both Nature's Way and the C Group "have used and continue to use three 27 comparative advertising statements that constitute false or misleading advertising under the

28
- 3 -

Lanham Act, the Arizona Consumer Fraud Act, and unfair competition common law." (Dkt. 16 at 1.) The C Group does not argue that Zila's allegations are in any way defective, or that Zila has failed to allege any elements of the False Advertising Claims. Rather, the C Group's Motion to Dismiss relies solely on matters outside the pleadings, which the Court has excluded from consideration. Because the C Group has failed to demonstrate that, as a matter of law, no relief could be granted under any set of facts that could be proved consistent with Zila's allegations, the Court will deny the C Group's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED DENYING** the C Group's Motion to Dismiss. (Dkt. 16.)

DATED this 11th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge