**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Zila Nutraceuticals, Inc., ) | No. CV-06-1958-PCT-SMM |
| Plaintiff, ) | **ORDER** |
| v. ) |  |
| Nature's Way Products, Inc. and The C Group, Inc., ) |  |
| Defendants. ) |  |

Pending before the Court is Plaintiff's *Ex Parte* Application for Withdrawal and Substitution of Counsel (With Client Approval).  (Dkt. 80.)  For good cause shown,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Application for Withdrawal and Substitution of Counsel.  (Dkt. 80.)

**IT IS FURTHER ORDERED** that James R. Prochnow, Jeffrey Harris Wolf, Justin J. Prochnow, and Greenberg Traurig LLP are hereby withdrawn as counsel of record for Plaintiff, pursuant to LRCiv 83.3(b)(1) of the Rules of Practice of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that Sean D. Garrison and Richard A. Halloran and the law firm of Lewis & Roca LLP are hereby substituted as Plaintiff's counsel of record in this matter.

**IT IS FURTHER ORDERED DENYING AS MOOT** Defendants' Sealed motion to Disqualify Counsel for Plaintiff.  (Dkt. 68.)

**IT IS FURTHER ORDERED VACATING** the briefing and hearing dates set forth in this Court's order issued on November 7, 2006. See Dkt. 72.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Preliminary Pretrial Conference is set for **December 14, 2006**, **at 1:00 p.m.** before the Honorable Stephen M. McNamee, in Courtroom #605, sixth floor, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona.

**IT IS FURTHER ORDERED**

(1) **COUNSEL WHO WILL BE RESPONSIBLE FOR PRESENTING ARGUMENTS IN FAVOR OF AND AGAINST PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION SHALL PERSONALLY APPEAR AND PARTICIPATE IN THE PRELIMINARY PRETRIAL CONFERENCE.** Bearing in mind that the main focus of this Preliminary Pretrial Conference is to expedite resolution of the Preliminary Injunction issue, counsel for all parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed. **PLEASE TAKE NOTE THAT CLIENT REPRESENTATIVES ARE NOT REQUIRED TO APPEAR AT THIS PRELIMINARY PRETRIAL CONFERENCE**.

(2) At the time of the Preliminary Pretrial Conference, counsel must be prepared to discuss what each of the parties must prove in order to prevail on their respective requests that injunctive relief be granted and denied.

(3) Counsel should be also prepared to discuss logistical matters, including (i) the arguments in favor of/against Plaintiff's request for expedited discovery (see dkt. 14); (ii) the parameters of and a proposed schedule for expedited discovery to be completed before the hearing on Plaintiff's Motion for a

Preliminary Injunction; and (iii) the topics on which expedited discovery is requested.

**IT IS FURTHER ORDERED** that all parties are directed to confer at least ten (10) days before the Preliminary Pretrial Conference, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, to discuss the following matters:

1. The possibility of consenting to a hearing on Plaintiff's Motion for a Preliminary Injunction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the suitability for referral of this particular matter to the District's court-annexed voluntary arbitration program or any other alternative dispute resolution mechanism, or the reference of this particular matter to a special master;

2. The nature and bases of Plaintiff's request for preliminary injunctive relief and Defendants' defenses to Plaintiff's request for injunctive relief.

3. The possibilities for a prompt settlement or resolution to Plaintiff's request for preliminary injunctive relief;

4. A schedule of all proceedings that the parties agree should occur before a hearing is held on Plaintiff's request for preliminary injunctive relief;

5. Modification of such schedule due to the simplicity or complexity of the preliminary injunction issue;

6. The subjects on which expedited discovery may be needed and whether expedited discovery is necessary;

7. Any other matters which counsel may feel will help provide for the resolution of Plaintiff's request for preliminary injunctive relief in an efficient manner.

**IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a) the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>; copies of the actual disclosures shall therefore not be filed.

**IT IS FURTHER ORDERED** that at the Rule 26(f) case management meeting, the parties shall **jointly** develop a **Proposed PI Management Plan** which shall include brief statements or proposals concerning:

1. The nature of the Plaintiff's request for, and Defendants' opposition to, Plaintiff's Motion for Preliminary Injunction, including brief statements of the factual and legal bases of Plaintiff's request and Defendants' defenses thereto;

2. A list of the elements of proof necessary for Plaintiff to prevail on its request for preliminary injunctive relief and each affirmative defense thereto. Where the burden of proof shifts, each party shall list the elements of the request or defense that the other party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

3. With respect to Plaintiff's Motion for Preliminary Injunction only, the factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4. Whether the resolution of Plaintiff's request for preliminary injunctive relief will constitute a dispositive or partially dispositive issue in the case;

5. The status of related cases pending before other judges of this Court or before other courts;

6. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;

7. With respect to Plaintiff's Motion for Preliminary Injunction only, proposed deadlines for:

    (a) expedited discovery;

      (b)    the filing of pre-hearing briefs; and

      (c)    the disclosures for expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

8. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure;

9. Estimated date that the parties will be ready for a hearing on Plaintiff's Motion for Preliminary Injunction, the estimated length of such hearing, and whether witness testimony will be presented at the hearing;

10. The prospects for settling the issue of whether Plaintiff should be granted preliminary injunctive relief; and

11. Any other matters which counsel feel will aid the Court in resolving the Preliminary Injunction issue in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that all deadlines to which the parties stipulate in the Proposed PI Management Plan shall fall on a Friday barring extenuating circumstances which make doing so impracticable.

**IT IS FURTHER ORDERED** that counsel shall <u>jointly file</u> their Proposed PI Management Plan with the Clerk of the Court **no later than 5:00 p.m. on December 7, 2006**. Absent extraordinary circumstances, no extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of counsel for the Plaintiff to initiate the communications necessary to prepare the joint Proposed PI Management Plan. Once contacted by counsel for Plaintiff, counsel for Defendants shall act in an expeditious manner to effectuate the preparation of the PI Management Plan.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Rule 26 of the Federal Rules of Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED** that the Court, after consultation with counsel and the parties, will enter a Rule 16(b) Scheduling Order concerning, inter alia, discovery and a

1 hearing on Plaintiff's Motion for Preliminary Injunction.  To the extent that the Court's Rule
2 16 Scheduling Order differs from the parties' Proposed PI Management Plan, the provisions
3 of the Court's Order shall supersede the parties' Proposed PI Management Plan and shall
4 control the course of this action unless modified by subsequent Order of this Court.  The
5 parties and their counsel are cautioned that the deadlines set in the Rule 16 Scheduling Order
6 shall be strictly enforced.

7 **IT IS FURTHER ORDERED** that counsel review the requirements of LRCiv 7.1
8 and LRCiv 7.2, Rules of Practice of the United States District Court for the District of
9 Arizona ("Local Rules"), with their administrative/support personnel to ensure that all
10 pleadings are in compliance with the rules.

11 **IT IS FURTHER ORDERED** that this Court views the Preliminary Pretrial
12 Conference as critical to its case management responsibilities and the responsibilities of the
13 parties under Rule 16 of the Federal Rules of Civil Procedure.  **FAILURE TO COMPLY**
14 **WITH EVERY PROVISION OF THIS ORDER MAY LEAD TO SANCTIONS**
15 **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

16 **IT IS FURTHER ORDERED** that any Party who seeks to change the time or date
17 of the Preliminary Pretrial Conference set forth in this Order shall present and discuss its
18 request with the opposing Party or Parties and coordinate and new date and time.  The
19 requesting Party's request shall state the position of the opposing Party or Parties with
20 respect to the change.  **<u>Counsel for all parties are required to act in good faith with</u>**
21 **<u>respect to any requested time and/or date changes.</u>**

22 **IT IS FURTHER ORDERED** that the Clerk of the Court send copies of this Order
23 to all counsel of record and to all parties, if any, appearing in propria persona.

24 DATED this 13th day of November, 2006.

_____
Stephen M. McNamee
United States District Judge

- 6 -