**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Ester C Company, ) | No. CV-06-1958-PCT-SMM |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| Nature's Way Products, Inc. and The C Group, Inc., ) | |
| Defendants. ) | |

On December 7, 2006, the parties filed a Joint Proposed Preliminary Injunction Management Plan in preparation for a Preliminary Pretrial Conference to be conducted on December 14, 2006. (Dkt. 98.)

At the December 14, 2006 hearing, Bruce Ewing and Richard Halloran appeared on behalf of Plaintiff, The Ester C Company, and Larry Laycock and Robyn Phillips appeared on behalf of Defendants, Nature's Way Products, Inc. ("Nature's Way") and The C Group, Inc. (the "C Group"). During the course of the hearing, counsel for all parties presented argument on logistical, procedural, and legal issues concerning Plaintiff's Motion for Preliminary Injunction, including, but not limited to, (i) issues to be addressed at the Preliminary Injunction hearing; (ii) a schedule for expedited discovery, pre-hearing briefs and the Preliminary Injunction hearing; and (iii) the form of pre-hearing briefs to be filed by all parties. In addition, the Court addressed two discovery issues based on written discovery

requests previously propounded by each of the parties. This Order sets forth the Court's rulings on the issues resolved at the December 14, 2006 Preliminary Pretrial Conference.

Accordingly,

**IT IS HEREBY ORDERED** that evidence, testimony, and argument to be presented at or before the Preliminary Injunction hearing is limited to the following issues:

(1) Whether The Ester C Company is entitled to preliminary injunctive relief against Nature's Way and/or The C Company arising from comparative advertising that The Ester C Company alleges is literally false under the Lanham Act and principles of common law unfair competition.

(2) Whether The Ester C Company has met its burden of proving literal falsity by demonstrating either (i) the tests are not sufficiently reliable to permit a conclusion that The Right C® is superior to Ester C®; or (ii) the tests, even if reliable, do not establish the propositions asserted by Nature's Way and The C Company.

    (a) The tests at issue are (i) Oral Absorption Study of Vitamin C Supplements in Guinea Pigs (the "Guinea Pig Test"; and (ii) Preliminary Human Study to Determine the Bioavailability of the Right C® and Ester C® in a Blinded Cross-over Study (the "Human Test"). (Dkt. 98 at 4.)

    (b) The propositions asserted by Nature's Way and The C Company are limited to the superiority claims set forth in the parties' Joint Proposed Preliminary Injunction Plan at page 3, lines 1 through 8 (the "Superiority Claims").

**IT IS FURTHER ORDERED** that, at and before the Preliminary Injunction hearing, no testimony, evidence, or argument shall be directed at the issue of whether, although the Superiority Claims are literally true, they are likely to deceive or confuse customers.

**IT IS FURTHER ORDERED** that, at or before the Preliminary Injunction hearing, no testimony, evidence, or argument shall be directed at the issue of whether Nature's Way has breached the Inter-Cal Nutraceuticals Non-Exclusive Manufacturer/Marketer Agreement.

**IT IS FURTHER ORDERED** that, at or before the Preliminary Injunction hearing, no testimony, evidence, or argument shall be directed at the issue of whether Nature's Way and/or The C Group have violated the Arizona Consumer Fraud Act, A.R.S. § 44-1522.

**IT IS FURTHER ORDERED GRANTING** The Ester C Company's First Motion for Expedited Discovery.  (Dkt. 14.)  The following schedule shall govern the expedited discovery:

(1) All written discovery requests shall be propounded no later than December 15, 2006.

(2) Responses, including the production of documents, to all written discovery requests shall be produced to the propounding party no later than January 12, 2007.

(3) The Ester C Company shall produce its expert reports no later than February 2, 2007.

(4) Nature's Way and The C Company shall produce their rebuttal expert reports no later than February 16, 2007.

(5) Beginning January 15, 2007, the parties may conduct depositions.  All depositions shall be completed no later than March 16, 2007.  All depositions shall be completed in four hours or less.

**IT IS FURTHER ORDERED** that The Ester C Company may depose as *a percipient witness only* any doctor who developed or participated in developing the protocol for the Human Test and/or the Guinea Pig Test.  If Defendants elect to use any such doctor as an expert witness, however, Plaintiff may not depose such doctor a second time unless that doctor injects new material in his expert report that is not adequately explained.

**IT IS FURTHER ORDERED** that the expedited discovery conducted shall not count against the presumptive limits of discovery set forth in the Federal Rules of Civil Procedure for the entire case, except that no party shall be entitled to (i) propound duplicate discovery requests or (ii) ask deponents duplicate questions.

**IT IS FURTHER ORDERED** that the location where any deposition is to be conducted shall be decided on a case-by-case basis. Counsel for all parties shall work together in a cooperative manner and use their best efforts to ensure that the depositions take place in a timely manner.

**IT IS FURTHER ORDERED DENYING** Defendants' Motion to Strike the Declarations of Mr. Mark A. Moyad, Dr. Stephen G. Carter, Dr. Mohsen Meydani, and Mr. Anthony L. Almada, filed in support of Plaintiff's Reply Memorandum in Support of Preliminary Injunction. (Dkt. 63.)

**IT IS FURTHER ORDERED** that Defendants may file supplemental briefs directed at addressing the Declarations of Mr. Mark A. Moyad, Dr. Stephen G. Carter, Dr. Mohsen Meydani, and Mr. Anthony L. Almada no later than March 23, 2007.

**IT IS FURTHER ORDERED** that Defendants may file supplemental briefs directed at addressing whether the Human Test and the Guinea Pig Test, even if reliable, do not establish the Superiority Claims asserted by Nature's Way and The C Company no later than March 23, 2007.

**IT IS FURTHER ORDERED** that, no later than March 23, 2007, all parties shall lodge with the Court Proposed Findings of Fact and Conclusions of Law. All Findings and Conclusions shall be supported by appropriate citations to both facts and law. All parties shall provide a disk containing copies of their Proposed Findings of Fact and Conclusions of Law in Word Perfect format.

**IT IS FURTHER ORDERED** that the Preliminary Injunction hearing shall take place in Courtroom 605 of the Sandra Day O'Connor United States Courthouse, located at

1    401 W. Washington Street, Phoenix, Arizona, on April 10 and April 11, 2007.  The hearing
2    on April 10, 2007 shall begin promptly at 9:00 a.m.
3         **IT IS FURTHER ORDERED** that, at the Preliminary Injunction hearing, any expert
4    report shall be considered that expert's direct testimony.  Experts may be cross-examined at
5    the hearing.  If appropriate, the Court may allow any expert who has been cross-examined
6    to present rebuttal testimony.
7         **IT IS FURTHER ORDERED** that, except as specifically provided in this Order, the
8    Court will issue an additional order if it requires additional briefing on other issues.
9         **IT IS FURTHER ORDERED** that, with respect to Plaintiff's objection to
10   Defendants' document request that Plaintiff produce any and all studies regarding any
11   nutritional supplement conducted or maintained by all "affiliates" of The Ester C Company,
12   the Court rules as follows:  Plaintiff is required to produce any and all studies regarding Ester
13   C® and Vitamin C conducted or maintained by The Ester C Company at any time.
14        **IT IS FURTHER ORDERED** that, with respect to Defendants' objection to
15   Plaintiff's request for sales figures of the Right C® since July 2006, the Court rules as
16   follows: Defendants are ordered to produce the gross number of sales of the Right C® since
17   July 2006.  No price or profit information is required to be produced.
18        **IT IS FURTHER ORDERED** that, if discovery disputes arise between the parties,
19   counsel for the moving party shall call chambers to obtain possible telephonic discovery
20   hearing dates and times.  The Court's law clerk will provide one or more times and dates to
21   counsel. Counsel for the moving party shall then coordinate and agree on one time and date
22   with opposing counsel, and relay the agreed time and date to the Court's law clerk. After
23   receiving confirmation from the law clerk that the time and date are still available, counsel
24   for all parties shall call the Court <u>on one clear telephone line</u>, at 602-322-7555, five minutes
25   before the time of the hearing.  The moving party is responsible for arranging the conference
26   call so that all parties call the Court on one clear telephone line.
27
28

**IT IS FURTHER ORDERED DENYING AS MOOT** Defendants' Motion for Stay. (Dkt. 20.)

DATED this 15th day of December, 2006.

_____
Stephen M. McNamee
United States District Judge

- 6 -